# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Civ. No. 2:18-cr-00133 (WJM) |
| v. | **OPINION** |
| **ROY DEPACK,** | |
| Defendant. | |

## WILLIAM J. MARTINI, U.S.D.J.:

**THIS MATTER** comes before the Court upon several motions by Defendant Roy Depack. *See* ECF Nos. [46], [50], & [54] ("Motions"). After careful review, for the reasons set forth below the Court **GRANTS** Defendant's request for a copy of the docket sheet in this matter and **DENIES** the remainder of the Motions.

### I. PROCEDURAL BACKGROUND AND THE INSTANT MOTIONS

On April 11, 2017, the Government filed a Criminal Complaint against Defendant Roy Depack ("Defendant" or "Depack") alleging one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349. ECF No. [1]. On February 15, 2018, Defendant signed a plea agreement, ECF No. [39], as to that single count. Under the terms of the plea agreement, the Government and Defendant agreed, among other things, that if the Court imposed a sentence no greater than 50 months but no less than 40 months and a term of supervised release of three years, the Government would bring no further charges against Defendant based on the conduct described in the Criminal Complaint and subsequent Information. *Id.* at 1–3, 7. The Government and Defendant further agreed to waive any right to file any appeal, collateral attack, writ or motion challenging the conviction or sentence if the plea was accepted and sentence entered within the agreed upon range. *Id.* at 4. Under the plea agreement, both the Government and Defendant stipulated to certain facts, including that Depack was an "organizer, leader, manager, or supervisor of criminal activity." *Id.* at 7. Defendant plead guilty on March 20, 2018. After adjournment, sentencing was set for November 1, 2018.

Prior to sentencing Defendant, although represented by counsel, submitted certain

*pro se* filings challenging the findings in the presentence report. *See* ECF Nos. [40], [41], & [42]. The Court construed these filings as sentencing memoranda. The Government also submitted a sentencing memorandum. ECF No. [43]. On November 1, 2018, the Court sentenced Depack to forty-five months incarceration and three years of supervised release. ECF Nos. [44] & [45]. The Court further ordered restitution and the payment of a special assessment. *Id.*

On November 7, 2018, Defendant filed a *pro se* motion under Federal Rule of Criminal Procedure 35(a). ECF No. [46] ("Rule 35(a) Motion"). In the Motion, Defendant objects to the two-level enhancement for a leadership role as stipulated to in the plea agreement and argues that the Court incorrectly consulted a "draft" presentence report. *Id*. Defendant also argues that the Court mentioned a different restitution figure—$523,262.00—during the hearing that was fixed in the Judgment, $394,143.21. Two days later, Defendant filed a Notice of Appeal of his sentence. ECF No. [47].

On November 14, 2018, Defendant filed a Motion for Return of Property. ECF No. [50] ("Motion for Return of Property"). In the Motion, Defendant requests return of certain property that was in Defendant's possession when he was arrested in connection with this case on April 12, 2017, including three cell phones and $485.00 in cash. ECF No. [50] at 2. Defendant contends that the money "had nothing to do with my crime" and that he needs the cell phones to pursue his civil case currently pending before The Honorable Susan D. Wigenton. *See Depack v. Esmorado, et al.*, Case No. 17-cv-7136. In addition, Depack also seeks the return of certain property that was in his possession when his supervised release was revoked in an unrelated case before The Honorable Stanley R. Chesler. *See United States v. Depack*, Case No. 04-cr-00599, ECF No. [125].

On December 12, 2018, Defendant filed a third motion. ECF No. [54] ("Miscellaneous Motion"). In this motion, Defendant complains that his motions have not yet been "answered" in violation of the Fourteenth Amendment. *Id.* Defendant further states regarding his request for return of property that an FBI Agent contacted Defendant's lawyer on November 25, 2018 to return certain property. *Id.* As of December 12, 2018, Defendant states that the property had not yet been returned to his lawyer. *Id.* Finally, Defendant reiterates his request for return of property in the unrelated criminal matter before Judge Chesler. *Id.*

The Government filed an objection to the Rule 35(a) Motion, ECF No. [49]. Defendant filed a reply. ECF No. [53]. The Government also filed a "protective" Notice of Cross-Appeal on December 13, 2018 in response to Defendant's Notice of Appeal. ECF No. [51]. No other papers were filed in opposition to the pending motions.

## II.  THE RULE 35(a) MOTION

Under Rule 35(a), "within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35. The fourteen-day time limit is jurisdictional and begins to run from the "oral pronouncement of sentencing." *United States v. Higgs*, 504 F.3d 456, 458 (3d Cir. 2007). Accordingly, while

2

the Court may make certain corrections to a sentence within fourteen days, the Court may not do so once this fourteen-day period expires, regardless of whether the motion itself was filed within the fourteen-day window. *Id.*

Here, the Court orally pronounced Defendant's sentence on November 1, 2018. As of today, the fourteen-day period has expired, and the Court lacks jurisdiction to hear Defendant's motion. Accordingly, the Rule 35(a) Motion, ECF No. [46], is dismissed for lack of jurisdiction. *Higgs*, 504 F.3d at 463; *see also United States v. James*, 639 F. App'x 834, 836 (3d Cir. 2016) ("The District Court did not deny James's motion until after the fourteen-day time limit expired. Because the District Court lacked jurisdiction at the time it ruled, it should have dismissed James's motion rather than deny it on the merits.").

### III. MOTION FOR RETURN OF PROPERTY

"It is well settled that the government is permitted to seize evidence for use in investigation and trial, but that such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture." *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999). Thus, under Fed. R. Crim. P. 41(g), the district court has jurisdiction over a motion for return of property made after the termination of criminal proceedings. *Id.*; *see also Chambers*, 192 F.3d at 376. Such a motion is "civil in nature and should be treated as a 'civil complaint.'" *United States v. Albinson*, 356 F.3d 278, 284 n.9 (3d Cir. 2004). The heavy evidentiary burden for a Rule 41(g) motion lies with the government to demonstrate it has a legitimate reason to retain the seized property. *Id.* (citing *Chambers*, 192 F.3d at 377).

According to Depack, his attorney has requested the property in question and an FBI Agent has been in contact with his attorney to secure return of the property. While the allegations of a *pro se* litigant, including those made in a Rule 41(g) motion, are generally held to a "less stringent standard," Defendant's motion as plead must be denied. As to the request for property from this case, Depack states that, as of December 12, 2018, the Government is already coordinating with his attorney to return his property. Accordingly, the Court denies Depack's motion as to the property seized on April 12, 2017 with leave to renew such motion in thirty days if the property has not yet been returned. As to the property allegedly held from the separate criminal matter before Judge Chesler, Defendant must file that motion in the appropriate case to seek relief. Accordingly, that motion for return of property allegedly seized in an unrelated criminal matter is denied.

### IV. THE MISCELLANEOUS MOTION

Much of the relief sought in the Miscellaneous Motion is duplicative of the relief sought in the Motion for Return of Property. ECF No. [54]. To the extent that relief is duplicative, it is denied for the reasons stated above. Defendant's request that his motion be heard within seven days, in contravention of the Federal Rules of Criminal Procedure and the Local Rules of this District, is denied. Defendant does not have a due process right to have these pending motions adjudicated within seven days. Finally, Defendant's request for the Court to mail copies of certain motion papers in this action to non-parties is denied.

However, the Court grants Defendant's request for a copy of the docket sheet in this case.

### V. CONCLUSION

For the reasons stated above, Defendant's request to receive a copy of the docket sheet in this case is **GRANTED**. All other relief requested is **DENIED**. An appropriate order follows.


Dated: January 10, 2018


                                             */s/ William J. Martini*
                                             **WILLIAM J. MARTINI, U.S.D.J.**