# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 2:18-cr-00133 (WJM) |
| v. | OPINION |
| ROY DEPACK, | |
| DEFENDANT. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

    **THIS MATTER** comes before the Court upon the Government's Turn Over Motion, ECF No. [59], filed on February 25, 2019. Also before the Court are Defendant's Motion to Modify Conditions of Supervised Release, ECF No. [72]; Motion Pursuant to Rule 41(g), ECF No. [76]; and Motion to Withdraw, ECF No. [77]. The Court is further in receipt of two letters from Defendant, which the Court construes as Motions for Return of Property. ECF Nos. [70] & [78]. After careful review, for the reasons set forth below the Court **GRANTS** the Turn Over Order, ECF No. [59], and **GRANTS** Defendant's request for a copy of his docket sheet and **DENIES** the remainder of Defendant's Motions.

## I. PROCEDURAL BACKGROUND OF THE UNDERLYING CRIMINAL CASE

    On April 11, 2017, the Government filed a Criminal Complaint against Defendant Roy Depack ("Defendant" or "Mr. Depack") alleging one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349. ECF No. [1]. On February 15, 2018, Defendant signed a plea agreement, ECF No. [39], as to that single count.

    Pursuant to the plea agreement, Defendant agreed that the sentencing judge "will order Mr. Depack to pay an assessment of $100" and will "order Mr. Depack to pay restitution pursuant to Title 18, United States Code, Section 3663 *et seq.*" ECF No. [39] at 2. The plea agreement further specified that "[u]nder Title 18, United States Code, Sections 3663 and 3663A, Mr. Depack agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to such victims and in such amounts as determined by the Court at sentencing." *Id.* at 3. Under Schedule A, the Government and Mr. Depack stipulated to actual and intended losses of more than $550,000 but less than $1,500,000. *Id.* at 7.

    On November 1, 2018, the Court sentenced Mr. Depack to forty-five months incarceration and three years of supervised release. ECF Nos. [44] & [45]. The Court

further ordered restitution in the amount of $394,143.21 and the payment of a special assessment of $100. *Id.*

## II. POST-JUDGEMENT MOTION PRACTICE

After entry of the judgement, ECF No. [45], Mr. Depack has filed several motions, ECF Nos. [46], [50], [54], [62], [66], [67], [72], [76]. [77], & [78], two notices of appeal, ECF Nos. [47] & [61], and a writ of mandamus, ECF No. [74]. These motions included eight motions seeking, in sum, return of three cell phones, personal clothing, a $30 phone card, and $513.10 in cash ("the Cash") that were in Mr. Depack's possession when he was arrested in connection with the underlying criminal case on April 12, 2017.[1] *Id.* The Government also filed a notice of cross-appeal[2] and a motion to turn over the Cash to the Clerk of Court so that it could be applied towards Mr. Depack's outstanding $394,143.21 restitution order. ECF Nos. [51] & [59] ("Turn Over Motion").

On February 28, 2019, the Court ordered the Cash be turned over to the Clerk of Court. ECF No. [60] ("Turn Over Order"). Defendant immediately appealed the Turn Over Order arguing that the Court had failed to provide him with opportunity to be heard. 3d Circ. Case No. 19-1553. Simultaneously, he also filed another motion for return of the Cash before this Court. *See* ECF No. [61]. Motion practice ensued at the Third Circuit, and the appeal was stayed and later procedurally dismissed based on Defendant's parallel filings related to the return of the Cash in this Court. *See* 3d Circ. Case No. 19-1553. While the Third Circuit appeal was pending, Defendant filed two additional motions for return of property. ECF Nos. [66] and [67].

By way of written opinion dated April 22, 2019, the Court addressed the first five motions for return of property and the Government's related filings. Agreeing with Defendant's argument that the Court should provide him an opportunity to be heard on the Government's Turn Over Motion, the Court denied the Government's request to construe Mr. Depack's successive motions for return of property as motions for reconsideration and vacated the Turn Over Order. ECF No. [68]. The Court further denied without prejudice Mr. Depack's motions for return of property, denied the other relief Mr. Depack requested in his motions without prejudice, and set a briefing schedule for the Turn Over Motion.

In early May, Mr. Depack filed an opposition to the Turn Over Motion, and the Government filed a reply. ECF Nos. [70] and [73]. Defendant also filed a Motion to Modify the Conditions of Supervised Release, three additional motions for return of property, and a motion for a "status update" on his motions. ECF No. [72], [76], [78].

While the Turn Over Motion was pending, on May 24, 2019, Defendant filed a writ

---

[1] Although Mr. Depack originally sought return of $485.00, the Government has represented that the FBI has in its possession $513.10, and the Court relies on this figure. Based on the record, three of these cell phones were returned to Mr. Depack.

[2] The appeals, Case Nos. 18-3522 and 18-3732, were later withdrawn. ECF Nos. [47], [51].

2

of mandamus challenging whether the undersigned should continue to preside over this case. ECF No. [74]. The Court accordingly stayed all pending motions pending disposition of the writ of mandamus. ECF No. [75]. On July 1, 2019, Defendant filed a Motion to Withdraw the Writ of Mandamus, ECF No. [77], which was ultimately forwarded to Third Circuit and granted by the Circuit. The Court now addresses the pending motions.

### III. THE CROSS-MOTIONS TO TURN OVER OR RETURN THE CASH

#### A. Arguments of the Parties

The Government moves for an order to instruct the FBI turn over the Cash which arrest to the Clerk of Court so it can be applied towards Defendant's restitution order. The Government argues under 18 U.S.C. § 3613, the Victim and Witnesses Protection Act of 1983 ("VWPA"), the Mandatory Victims Restitution Act ("MVRA"), and the Attorney General's guidelines to "aggressively enforce restitution orders" that it may enforce the restitution order against any property of the Defendant, including monies seized at the time of arrest since the final judgment in Mr. Depack's criminal case created a lien against Mr. Depack under 18 U.S.C. § 3613. ECF No. [59].

Mr. Depack opposes the Motion. In the various successive filings detailed above which the Court construes together as his opposition, Mr. Depack argues that the Court should deny the Turn Over Motion and grant his Motions for Return of Property because (1) the Government informed him that it would return the Cash, but now is refusing to do so; (2) the Government has taken an inconsistent position by returning his three cell phones but not the Cash; (3) Mr. Depack did not agree to forfeit the Cash as part of his plea; (4) Mr. Depack is only required to pay $25.00 every three months under his sentence; (5) it is a violation of his due process right to apply the Cash to his outstanding restitution order. ECF Nos. [66] at 5-6, [67] at 2-4. [70] at 3-4, [72] at 4-7.

On reply, the Government states that, while it did return the three cell phones to Mr. Depack which "no longer had evidentiary value as a result of his plea," it never agreed to return the Cash to him "considering the substantial restitution orders against him." ECF No. [73] at 1-2. The Government also argues that there is no due process violation because the restitution order creates a lien against Defendant which can be enforced against him as to any property of the Defendant in either his or the Government's possession. *Id.* at 2.

#### B. Legal Standard

Federal Rule of Criminal Procedure 41 provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

3

Fed. R. Crim. P. 41(g). Thus, "[a]lthough property seized by the government as part of a criminal investigation generally must be returned once criminal proceedings have concluded, a defendant has no right to the return of his property if the government has a continuing interest in the property, such as in a forfeiture action or an outstanding lien." *United States v. Wallace*, 213 F. App'x 98, 99 (3d Cir. 2007) (citing *United States v. 608 Taylor Ave.*, 584 F.2d 1297, 1302 (3d Cir. 1978)). Thus, when "money that [a defendant] wants returned is subject to a lien under a valid order of restitution, he is not entitled to its return." *Wallace*, 213 F. App'x at 99 (affirming denial of motion under Rule 41(g) in light of valid restitution order). "Rather, the [G]overnment may use the cash seized from [a defendant] to satisfy the restitution order." *Id.*; *see also United States v. Jones*, No. 14-4047, 2015 WL 6743608, at *1 (3d Cir. Nov. 5, 2015) (collecting cases).

### C. Application

Here, Defendant agreed in his plea agreement to "make full restitution for all losses resulting from the offense of conviction . . . to such victims and in such amounts as determined by the Court at sentencing. ECF No. [39] at 3. At sentencing, the Court imposed restitution of $394,143.21. ECF No. [45]. According to the Government, at least $513.10 is still outstanding on that restitution order. In fact, the Government represents that the entire $394,143.21 is still outstanding. Mr. Depack does not dispute that his outstanding restitution order exceeds the value of the Cash. Based on the restitution order, Defendant is not entitled to return of the Cash and the Government is entitled to a turn over order to transfer the Cash to the Clerk of Court. *Wallace*, 213 F. App'x at 99. Accordingly, Defendant's Motions for Return of Property, ECF Nos. [70], [72], [76], [78], are **DENIED** as to the Cash. The Government's Turn Over Motion is **GRANTED**.

Defendant in opposition to the Turn Over Motion makes several arguments for the return of the Cash, but none overcome the Government's right to enforce restitution lien imposed at sentencing and the mandate of the MVRA. The Court is not convinced that any promise by the Government that it would return the Cash, even if true, relieves it of its obligations under MVRA to seek enforcement of restitution orders. Moreover, Defendant's characterization of the Government's "inconsistent" position as to the cell phones and Cash is incorrect and in fact consistent with its statutory obligations and the law in this Circuit. *Wallace*, 213 F. App'x at 99. As to Defendant's argument that he is only required to pay $25.00 every three months while incarcerated, this sentencing recommendation for repayment does not supplant the Government's statutory authority to enforce the restitution lien against "all property belonging to the person fined." 18 U.S.C. § 3613(a). Finally, Defendant's due process claims fall flat since the Court has now provided him with an opportunity to be heard on his motion for return of the property.

### IV. THE MOTION TO TURN OVER OTHER PROPERTY

Defendant moves under Rule 41(g) for return of certain personal property including two additional cell phones, clothing items, and a $30 pre-paid phone card. ECF No. [76]. The Government has not responded to this portion of the motions, and it is unclear from the record what property remains in the Government's possession. Accordingly, the

4

Government shall on or before October 4, 2019 file a letter setting forth (1) what personal property of Mr. Depack it still maintains in its possession; (2) if it no longer has any personal property, what happened to it; and (3) any opposition to turning over same. *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999)

## V. THE MOTION TO MODIFY SUPERVISED RELEASE

"Motions to amend or modify the conditions of supervised release are governed by 18 U.S.C. § 3583(e), which allows the District Court to terminate supervised release, and by implication to terminate any condition thereof, 'at any time after the expiration of one year of supervised release,' after considering the factors set forth in 18 U.S.C. § 3553(a), 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Rosiere*, 711 F. App'x 76, 79 (3d Cir. 2017) (quoting 18 U.S.C. § 3582(e)(1)). Those factors include the nature of a defendant's offense and the defendant's history and characteristics; the need for adequate deterrence; the need to protect the public from further crimes of the defendant; the need to provide the defendant with correctional treatment including vocational training or medical care; and the need to provide restitution to the victims of the offense. *Id.* (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(7)). The district court has broad discretion to grant or deny such motions. *United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013).

Defendant moves to modify the conditions of his supervised release, but he is still incarcerated. Because he may only bring this motion "at any time after the expiration of one year of supervised release," 18 U.S.C. § 3582(e)(1), his motion is premature and **DENIED WITHOUT PREJUDICE**.

## VI. MISCELLANEOUS ADDITIONAL REQUESTED RELIEF

Mr. Depack also requests additional relief which the Court briefly addresses. First, Mr. Depack requests a copy of his docket sheet. ECF No. [76], [78]. That request is **GRANTED** and the Clerk shall mail Mr. Depack a copy of the docket sheet in this matter.

Given the rulings set forth in this opinion, Mr. Depack's motion for a "status update" **DENIED AS MOOT**. ECF No. [78]. Finally, the Motion to Withdraw Writ of Mandamus is **ADMINISTRATIVELY TERMINATED** given that it was improperly filed in this case and has been ruled upon by the Third Circuit. ECF No. [77].

## VII. CONCLUSION

Based on the foregoing, the Government's Motion for a Turn Over Order is **GRANTED**, and Defendant's Motions are **GRANTED IN PART AND DENIED IN PART**. An appropriate order follows.

Dated: September 9, 2019

WILLIAM J. MARTINI, U.S.D.J.

5