# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Crim. No. 2:18-cr-00133 (WJM) |
| v. | **OPINION** |
| **ROY DEPACK,** | |
| **DEFENDANT.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

  **THIS MATTER** comes before the Court upon Roy Depack's October 7, 2019 motion, stylized as a motion for default judgment. ECF No. 84. After careful review, for the reasons set forth below, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. PROCEDURAL BACKGROUND

  On April 11, 2017, the Government filed a Criminal Complaint against Defendant Roy Depack, alleging one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349. ECF No. 1. On February 15, 2018, Defendant signed a plea agreement, ECF No. 39, as to that single count. Under the terms of the plea agreement, the Government and Defendant agreed, among other things, that if the Court imposed a sentence no greater than 50 months but no less than 40 months and a term of supervised release of three years, the Government would bring no further charges against Defendant based on the conduct described in the Criminal Complaint and subsequent Information. *Id.* at 1–3, 7. Defendant plead guilty on March 20, 2018. On November 1, 2018, the Court sentenced Depack to forty-five months incarceration and three years of supervised release. ECF Nos. 44 & 45. The Court further ordered restitution and the payment of a special assessment. *Id.*

  After entry of the judgement, ECF No. 45, Mr. Depack filed several motions, ECF Nos. 46, 50, 54, 62, 66, 67, 72, 76, 77, & 78, two notices of appeal, ECF Nos. 47 & 61, and a writ of mandamus, ECF No. 74. These motions included eight motions seeking, in sum, return of three cell phones, personal clothing, a $30 phone card, and $513.10 in cash ("the Cash") that were in Mr. Depack's possession when he was arrested in connection with the underlying criminal case on April 12, 2017. *Id.* The Government also filed a notice of cross-appeal and a motion to turn over the Cash to the Clerk of Court so that it could be applied towards Mr. Depack's outstanding $394,143.21 restitution order. ECF Nos. 51 & 59 ("Turn Over Motion").

On February 28, 2019, the Court ordered the Cash be turned over to the Clerk of Court. ECF No. 60 ("Turn Over Order"). Defendant immediately appealed the Turn Over Order arguing that the Court had failed to provide him with opportunity to be heard. 3d Circ. Case No. 19-1553. Simultaneously, he also filed another motion for return of the Cash before this Court. See ECF No. 61. Motion practice ensued at the Third Circuit, and the appeal was stayed and later procedurally dismissed based on Defendant's parallel filings related to the return of the Cash in this Court. *See* 3d Circ. Case No. 19-1553. While the Third Circuit appeal was pending, Defendant filed two additional motions for return of property. ECF Nos. 66 & 67.

By way of written opinion dated April 22, 2019, the Court addressed the first five motions for return of property and the Government's related filings. Agreeing with Defendant's argument that the Court should provide him an opportunity to be heard on the Government's Turn Over Motion, the Court denied the Government's request to construe Mr. Depack's successive motions for return of property as motions for reconsideration and vacated the Turn Over Order. ECF No. 68. The Court further denied without prejudice Mr. Depack's motions for return of property, denied the other relief Mr. Depack requested in his motions without prejudice, and set a briefing schedule for the Turn Over Motion. On September 9, 2019, the Court denied Defendant's motions to return property as to the seized cash and granted the Government's Turn Over motion. *See* ECF 79 & 80. The Court also ordered the Government to respond to Depack's motions for return of seized property by October 4, 2019 setting forth "(1) what personal property of Mr. Depack it still maintains in its possession; (2) if it no longer has any personal property, what happened to it; and (3) any opposition to turning over the same." *Id.*

On October 4, 2019, the Government filed a letter setting forth a list of 17 items the Government possessed belonging to Mr. Depack. *See* ECF 82. The Government stated that it "has no objection to returning [the listed] property to Mr. Depack." *Id.* On October 7, 2019, Depack filed a motion for default judgment requesting return of his seized property and $3,000 compensation.

## II. MOTION FOR RETURN OF PROPERTY

Although labeled on the docket as a motion for default judgment, the Court construes Mr. Depack's motion dated October 9, 2019 and docketed October 11, 2019, ECF No. 84, as a renewal of his motion for return of property.

"It is well settled that the government is permitted to seize evidence for use in investigation and trial, but that such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture." *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999). Thus, under Fed. R. Crim. P. 41(g), the district court has jurisdiction over a motion for return of property made after the termination of criminal proceedings. *Id.*; *see also Chambers*, 192 F.3d at 376. Such a motion is "civil in nature and should be treated as a 'civil complaint.'" *United States v. Albinson*, 356 F.3d 278, 284 n.9 (3d Cir. 2004). The heavy evidentiary burden for a Rule

41(g) motion lies with the government to demonstrate it has a legitimate reason to retain the seized property. *Id.* (citing *Chambers*, 192 F.3d at 377).

Because the Government does not oppose return of Depack's property within its possession, Defendant's motion is granted with regard to the property listed in the Government's October 4, 2019 filing, ECF No. 82. In a subsequent letter dated October 10, 2019 and docketed October 15, 2019, Mr. Depack states that "I'm missing 2 verizon pre-paid phones that are not on the list." ECF No. 85. To the extent that Defendant Depack believes that the Government is in possession of additional, unreturned seized property that belongs to him, he may file a separate motion pursuant to Fed. R. Crim. P. 41(g). Mr. Depack's request for $3,000 is denied.

### III. CONCLUSION

For the reasons stated above, Defendant's request to return property listed in the Government's October 4, 2019 filing, ECF No. 82, is **GRANTED**. All other relief requested is **DENIED**. An appropriate order follows.

**Dated: November 26, 2019**

                                            */s/ William J. Martini*
                                        **WILLIAM J. MARTINI, U.S.D.J.**