UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 2:18-133 (WJM) |
| v. | OPINION |
| ROY DEPACK, | |
| Defendant. | |

**THIS MATTER** comes before the Court upon two motions filed by defendant Roy DePack to terminate his supervised release violations. *See* ECF Nos. 109 and 110 ("Motions"). For the reasons set forth below, the Court **DISMISSES** the Motions without prejudice.

I. **PROCEDURAL BACKGROUND**

On March 20, 2018, Mr. DePack pleaded guilty to one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349. No. 18-CR-133 (WJM) ("2018 Matter"), ECF No. 39. On November 1, 2018, he was sentenced to 45 months imprisonment and three years of supervised release. 2018 Matter, ECF Nos. 44 and 45. Due to the COVID-19 pandemic, Mr. DePack filed several motions for compassionate release. 2018 Matter, ECF Nos. 90 and 91. The Court granted the motions on June 16, 2020, and Mr. DePack's supervised release commenced that day. 2018 Matter, ECF Nos. 96 and 97.

On January 19, 2022, while still on supervised release, Mr. DePack was charged via criminal complaint for disaster relief fraud in violation of 18 U.S.C. § 1040(a)(2). No. 22-MJ-11015 (AME) ("2022 Matter"), ECF No. 1. On January 20, 2022, Mr. DePack was arrested pursuant to an arrest warrant on those charges. *See* 2022 Matter, ECF Nos. 4-9. That day, Mr. DePack appeared before Judge Espinosa, where he was appointed an attorney and remanded to federal custody. *Id.*

On February 1, 2022, the U.S. Probation Office filed a sealed petition for violation of supervised release in the 2018 Matter. 2018 Matter, ECF No. 97. The petition alleged that Mr. DePack's January 20, 2022 arrest for disaster relief fraud violated the conditions of release that required him to not commit another crime. *Id.* The petition also alleged that Mr. DePack failed to fully disclose the probation office with his financial records, failed to obtain permission before leaving the state of New Jersey, and failed to make

payments towards his restitution obligation, all in violation of the conditions of his supervised release. *Id.* The Court issued an arrest warrant for these violations, though Mr. DePack was already in custody. 2018 Matter, ECF No. 98.

On February 25, 2022, Mr. DePack appeared before Judge Waldor for an initial appearance regarding the revocation of supervised release. 2018 Matter, ECF No. 102. He continued to be detained following the hearing. 2018 Matter, ECF No. 103. On April 11, 2022 and April 25, 2022, Mr. DePack filed motions in the 2018 Matter and the 2022 Matter, respectively, to replace his counsel, Mr. Kevin Carlucci. 2018 Matter, ECF 106; 2022 Matter, ECF No. 14. After initially withdrawing his motions at a hearing on April 26, 2022, Judge Espinosa appointed Ms. Laurie Fierro to represent Mr. DePack for both matters during a hearing on May 31, 2022. 2018 Matter, ECF Nos. 107 and 108; 2022 Matter, ECF Nos. 17 and 18.

## II. INSTANT MOTIONS

On July 7, 2022, the Court received a letter motion by Mr. DePack for the termination of his supervised release. 2018 Matter, ECF No. 109. Despite being represented by Ms. Fierro, Mr. DePack stated that he was filing the motion *pro se*. In the motion, Mr. DePack asserts that under Federal Rule of Criminal Procedure 32.1, he is entitled to a second appearance regarding the violation of his supervised release within 14 days of his initial appearance. Because he has not yet had his second appearance, Mr. DePack argues that his violation should be dismissed. He also asserts that his probation officer did not provide him with a written notice of the violation, and that he erroneously filed the violation as a Class A violation instead of a Class B violation.

On December 8, 2022, Mr. DePack filed a second letter motion for the termination of his supervised release, again labeled as filed *pro se*. 2018 Matter, ECF No. 110. Mr. DePack moved pursuant to 28 U.S.C. § 2241 due to the Third Circuit's recent opinion in *United States v. Banks*, 55 F.4th 246 (3d Cir. 2022). In *Banks*, the court held that the sentence enhancement for loss under Sentencing Guideline § 2B1.1 only pertains to actual loss, not intended loss. *See Banks*, 55 F.4th at 258. Mr. DePack asserts that his sentence was enhanced based on an intended loss of $1.5 million, even though the actual loss was only $394,000. Based on *Banks*, Mr. DePack seeks a hearing and the termination of his supervised release.

## III. DISCUSSION

"[T]here is no constitutional right to hybrid representation," and thus, "a district court is not obligated to consider *pro se* motions by represented litigants." *United States v. D'Amario*, 328 F. App'x 763, 764 (3d Cir. 2009) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)). The requirement that briefs are filed only by counsel helps "ensure that counsel and client speak with one voice." *United States v. Turner*, 677 F.3d 570, 579 (3d Cir. 2012). Such a requirement also prevents adversaries from having to

"respond on two distinct fronts" and avoids diverting the Court's attention from potentially meritorious arguments. *Id.*

Mr. DePack has been represented by Ms. Fierro in both the 2018 and the 2022 Matters for approximately seven months, during which time he has submitted at least five *pro se* letters to the Court. *See* 2018 Matter, ECF Nos. 109, 110; 2022 Matter, ECF Nos. 21, 29. To ensure that Mr. DePack and his counsel speak with one voice throughout the resolution of both matters, the Court will **DISMISS** Mr. DePack's Motions **WITHOUT PREJUDICE** and will **REFER** them to Ms. Fierro.

The above notwithstanding, to the extent that a written copy of the violation of supervised release has not been provided to Mr. DePack, the Court **ORDERS** that a copy be made available to him forthwith.

WILLIAM J. MARTINI, U.S.D.J.